```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

Great American Assurance    :   Case No. 1:06-cv-378
Company, et al,             :
                            :
    Plaintiffs,             :
                            :
vs.                         :
                            :
Travelers Property Casualty :
Company, et al,             :
                            :
    Defendants.

**ORDER**

Before the Court is Waymon Canady's Motion to Intervene (Doc. 10) and his motion to dismiss (Doc. 11).  Plaintiffs oppose Canady's motions (Docs. 14 and 15), and Canady has filed replies (Docs. 16 and 17).  The Court grants the motions.

**FACTUAL BACKGROUND**

Plaintiffs are three insurance companies: Great American Assurance Company, American National Fire Insurance Company, and Ohio Casualty Insurance Company.  Great American and American National Fire issued policies to a company called Telecommunications Cable, Inc. ("TCC"), with effective dates of 02/19/2000 to 02/19/2001.  Ohio Casualty assumed the duties and obligations under both policies subsequent to their issue.

Waymon Canady was working as a TCC employee on January 5, 2001, installing digital cable service in Zanesville, Ohio, when he was seriously injured.  Mr. Canady subsequently filed a

-1-

complaint in Ohio state court against TCC, Time Warner, Inc. and others, seeking damages for his injuries.  According to Time Warner's counterclaim in this action (Doc. 5, ¶2-3), Time Warner subcontracted with TCC in 2000 to upgrade its cable system in the Zanesville area.  One of the conditions of that contract was that TCC's insurers name Time Warner as an additional insured on TCC's policies.  (An "Accord" Certificate naming Time Warner as an additional insured is attached to Time Warner's counterclaim as Exhibit A.)  Mr. Canady was apparently injured during the course of TCC's performance of its contract with Time Warner.

    According to Plaintiffs, Canady obtained a default judgment against TCC on his employer intentional tort claim.  On June 16, 2006, an Agreed Final Judgment against Time Warner was entered in Canady's suit.  The Final Judgment states that the trial court heard testimony and evidence concerning Canady's damages and expenses, and found that the resolution of his claims against Time Warner was in good faith and was not the result of any collusion.  A judgment of $850,000 was entered against Time Warner based on its vicarious liability for TCC's negligence.  The judgment explicitly permits Canady to collect only $50,000 of that amount directly from Time Warner.  Canady is required to pursue "further collection only against insurance policies issued to Defendant TCC that name Defendant Time Warner as an additional insured."  (Doc. 10, Exhibit 1 at p. 2.)

Plaintiffs filed this action against Time Warner and Travelers on June 20, four days after entry of the Agreed Final Judgment in Canady's personal injury action.  Their complaint alleges that Travelers insured Time Warner under a CGL policy that was in effect on the date of Canady's accident.  Plaintiffs deny that Time Warner is an additional insured under their policies, and seek a declaratory judgment to that effect.  Plaintiffs also seek a declaration of the rights and obligations of Plaintiffs and Travelers vis-a-vis Time Warner's liability to Canady, in the event that Time Warner is entitled to any coverage under Plaintiffs' policies.  Plaintiffs did not name Canady as a party to this litigation.

On July 21, 2006, Canady filed a second complaint in Muskingum County common pleas court against Ohio Casualty and Shoff Darby Companies, alleged to be Ohio Casualty's agent. Shoff Darby issued the Accord Certificate of Insurance listing Time Warner as an additional insured on TCC's policies.  Canady's state court complaint alleges that Ohio Casualty was notified of his original personal injury litigation and refused to defend Time Warner, and has refused to pay Canady's judgment despite his demands for payment.  Canady seeks a judgment against Ohio Casualty and Shoff of his unpaid judgment of $800,000, plus other interest and other allowable relief.

**ANALYSIS**

1. <u>Motion to Intervene</u>.

Fed. R. Civ. P. 24(a)(2), upon which Canady's motion is premised, requires the court to grant intervention

> . . . when the applicant claims an interest relating to . . . the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Sixth Circuit applies a four-part test to Rule 24 intervention motions, requiring the applicant to demonstrate (1) a timely motion, (2) a substantial legal interest, (3) impaired ability to protect that interest without intervention, and (4) inadequate representation by the existing parties.  See <u>Michigan State AFL-CIO v. Miller</u>, 103 F.3d 1240, 1245 (6th Cir. 1997).

Canady argues he meets all four requirements.  He has timely sought intervention; Plaintiffs' complaint was filed on June 20, and his motion was filed on September 8.  No discovery has taken place and a Rule 26 conference has not yet been held.  Canady also has a substantial legal interest in this case.  Given the facts concerning the underlying state court litigation, Canady's ability to collect his $800,000 judgment will likely be decided in this coverage action.

Canady also argues that his interest will be substantially impaired if he is not permitted to intervene, as any final

judgment in this case will be binding upon him under Ohio Rev. Code 3929.06(c)(2).  Finally, Canady argues that the current parties to this case will not adequately represent him.  Time Warner has already settled with Canady and its non-insured exposure is capped by the settlement.

Plaintiffs agree with the test for intervention set forth above, but disagree that Canady can satisfy those requirements.  In particular, Plaintiffs argue Canady is a "stranger" to the insurance contracts, as under Ohio law he is not a third party beneficiary of Plaintiffs' policies.  Plaintiffs argue that the 1999 amendments to R.C. 3929.06 merely confirmed previous Ohio law forbidding a tort victim to sue the insurers of the alleged tortfeasor.  Plaintiffs suggest that Canady is attempting to obtain through the "back door" what he is prohibited from obtaining "through the front."  (Doc. 14, p. 5)  The Court disagrees.

The 1999 amendments to R.C. 3929.06, which generally address the rights of judgment creditors of an insured tortfeasor, and the companion amendments to R.C. 2721.12, the Ohio declaratory judgment statute, were intended to overrule Ohio Supreme Court cases holding that an injured party is not bound by a judgment entered in a coverage action between an insured and its insurer.  See, e.g., <u>Broz v. Winland</u>, 68 Ohio St.3d 521 (1994).  The amendments make clear that a judgment creditor is

-5-

permitted to file an action against the tortfeasor's insurer, but must first obtain a judgment against the tortfeasor, and must wait 30 days after the entry of that judgment to bring the action. See R.C. 3929.06(A)(2) and (B). The insurer, in defending such an action, may raise all coverage defenses that could be asserted against its insured. See R.C. 3929.06(C)(1). Moreover, any judgment entered in a coverage action between an insured and its insurer, determining whether the policy covers the injury or damage in question, is binding upon the judgment creditor whether or not he is a party to that coverage action, and notwithstanding any common law principles of res judicata or collateral estoppel. See R.C. 3929.06(C)(2) and R.C. 2721.12(B). Under this statutory scheme, Canady could not sue Plaintiffs (or any insurer of his tortfeasors) until he procured a judgment against their insured. He has done so, and is permitted by statute to sue Plaintiffs directly.

    Canady persuasively points out that R.C. 3929.06 required him to wait 30 days after his judgment against Time Warner was entered, before he could file an action against Plaintiffs. This period of delay serves the salutary purpose of permitting the insurer time to either pay the claim or resolve it amicably. Plaintiffs filed this action during Canady's 30-day waiting period. Despite that fact, Plaintiffs argue that permitting a tort victim such as Canady to intervene "anytime" a declaratory

judgment action is filed would eviscerate the Ohio statutes. This argument is misplaced, because Canady is not seeking leave to intervene "anytime" but, rather, after he has procured his judgment. The Ohio Legislature has specifically permitted direct actions after a 30-day waiting period. There is nothing in the statutes to suggest that an injured party with judgment in hand is prohibited from intervening in a coverage action whenever it is filed.

One court in this district has recognized that even if an injured party cannot sue an insurer directly without a judgment against its insured, that prohibition does not extend to intervention. See, <u>Indiana Ins. Co. v. Midwest Maintenance</u>, 2000 U.S. Dist. LEXIS 6450 (S.D. Ohio, January 7, 2000) (Rice, J.). This Court agrees with Judge Rice's analysis.

Plaintiffs then argue that Canady's interests are adequately represented by Time Warner and Travelers in this case, making intervention inappropriate. Plaintiffs assert that a favorable coverage determination is the common goal of Time Warner, Travelers and Canady. But "adequate representation" requires that the parties to the suit will fully advocate for and protect the intervenor's interests. Time Warner's non-insured exposure is capped; and it is safe to assume that Travelers' primary goal is to minimize its own exposure. The Sixth Circuit has held that the intervenor need not show that representation will **in fact** be

inadequate, but only need show the potential for inadequate representation. See, e.g., Grutter v. Bollinger, 188 F.3d 394, 398 (6th Cir. 1999). That potential exists here, such that the Court concludes that Canady has satisfied the elements of the test for intervention of right under Rule 24.

Therefore, the Court grants Canady's motion to intervene in this action as a defendant.

2. Motion to Dismiss.

Canady filed a motion to dismiss (Doc. 11) along with his motion to intervene. He argues that he is an indispensable party to this case under Rule 19, and that his joinder destroys the Court's diversity jurisdiction. Canady alternatively argues that this Court should exercise its discretion to refuse jurisdiction over this declaratory judgment action. Plaintiffs oppose Canady's motion, arguing that Canady is not an "indispensable party" within the meaning of Rule 19. They also argue that this Court should retain jurisdiction over their declaratory judgment complaint.

Canady correctly notes that diversity jurisdiction is generally determined at the outset of the lawsuit. Intervention by a non-diverse party will not necessarily defeat jurisdiction unless the intervenor is an indispensable party. See, e.g., Dean v. Holiday Inns, Inc., 860 F.2d 670, 672 (6th Cir. 1988), and cases cited therein. If intervention by an indispensable party

would destroy diversity, the Court must determine if the case should proceed with the original parties, or should be dismissed. Fed. R. Civ. P. 19(b) sets forth several questions the Court must consider, including the prejudicial effect of a judgment rendered in the absence of the indispensable party; whether such prejudice can be ameliorated in some fashion; whether the judgment would be "adequate" in that party's absence; and, whether plaintiff has an adequate alternate remedy if the action is dismissed.

The Court concludes that Canady is an indispensable party. Under Ohio law, the coverage determination made in this case will be binding on Canady. The prejudicial effect of a potential adverse decision is undeniable. In addition, the Court questions whether a judgment rendered here, in the absence of both Canady and the Shoff Darby agency named in Canady's state court action, will be adequate to determine all of the issues pertaining to coverage under Plaintiffs' policies. Canady alleges that Shoff Darby acted as Ohio Casualty's agent in issuing the insurance certificate listing Time Warner as an additional insured, and alleges Ohio Casualty is bound by its agent's action. That issue seems rather central to the coverage question, yet may not be resolved in this action without Canady's presence. Finally, Plaintiffs have an adequate remedy in Ohio state court if this action is dismissed. While Plaintiffs argue that neither Time Warner nor Travelers was named in Canady's pending coverage

action, Plaintiffs do not suggest that either party is not subject to the jurisdiction of Ohio courts, or that either party cannot be subsequently joined.  The Court also notes that both Time Warner and Travelers have raised Plaintiffs' failure to join indispensable parties as an affirmative defense in their answers in this case, lending further support to the Court's analysis.

Even if the Court were not persuaded that Canady is "indispensable" within the meaning of Rule 19, the Court is persuaded that it should decline jurisdiction over Plaintiffs' complaint.  Declaratory judgment action jurisdiction is discretionary.  See Aetna Casualty Surety Co. v. Sunshine Corp., 74 F.3d 685, 687 (6th Cir. 1996).  There, the Sixth Circuit also indicated that declaratory judgment actions should normally be filed in the court with jurisdiction over the case giving rise to the coverage dispute.  Id. at 688 (citing Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co., 791 F.2d 460, 463 (6th Cir. 1986)).

In AmSouth Bank v. Dale, 386 F.3d 763 (6th Cir. 2004), the Sixth Circuit reiterated its five-factor test to determine the trial court's appropriate exercise of discretionary jurisdiction over declaratory judgment actions:

- would the judgment settle the controversy;

- would the action serve to clarify the legal relations at issue;

- is the suit merely "procedural fencing" or does it involve

    a race to the courthouse for res judicata protection;

    - would the action increase friction between federal and state courts or improperly encroach on state jurisdiction; and

    - is an alternative remedy adequate or superior.

Id. at 784, citing Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000).

Applying these factors to this case persuades the Court to decline jurisdiction.

(1) As noted above, the Court questions whether a judgment in this case would finally settle the complete controversy about coverage under Plaintiffs' policies for Canady's judgment against Time Warner, absent Canady and Shoff Darby.

(2) While this action no doubt serves a useful purpose, the same conclusion applies to Canady's pending state court action against Ohio Casualty and Shoff Darby.

(3) Plaintiffs deny that they had any improper motive in filing this suit when and where they did, and deny that the timeline of events reflects any "race to the courthouse."  While Plaintiffs have a right to choose their forum, the timing of their complaint in the face of almost certain knowledge that Canady intended to file his own lawsuit in Muskingum County after waiting the statutorily-required 30 days, creates a strong appearance of forum shopping, and an attempt to exclude Canady from participating in the coverage litigation.  As noted in

AmSouth Bank, permitting the action to proceed in these circumstances ". . . could frustrate a plaintiff's choice of forum and encourage forum shopping, races to the courthouse, needless litigation occasioning waste of judicial resources, delay in the resolution of controversies, and misuse of judicial process to harass an opponent in litigation, irrespective of the actual motives of the declaratory plaintiff." AmSouth Bank, 386 F.3d at 788 (internal citations and quotations omitted).

 (4) The Court is concerned that maintenance of this suit could increase friction between the federal and state courts. And this Court is wary of any encroachment on state court jurisdiction or interference with state court proceedings. It is true that Canady's action against Ohio Casualty was filed after Plaintiffs' complaint in this case. However, Judge Fleegle's Judgment Entry in Canady's underlying action reflects his not insignificant investment of time into studying the facts underlying the claim and the settlement that was reached.

 (5) Finally, this Court has no doubt that the alternate remedy of proceeding in Muskingum County on the coverage issues is adequate, fair, and superior to proceeding here. As noted above, Ohio Casualty can almost certainly join Travelers and Time Warner into that action, thus bringing all potentially interested and affected parties into one proceeding for a final and efficient determination of whether Canady is entitled to collect

his judgment from Plaintiffs' policies.

Because the Court concludes that Canady is an indispensable party, and because the Court alternatively declines to exercise declaratory judgment jurisdiction in this case, Canady's motion to dismiss is granted for lack of jurisdiction.  Plaintiffs' coverage defenses and arguments against Canady's claim that Plaintiffs' policies cover Time Warner as an additional insured are fully preserved.

## CONCLUSION

For all of the foregoing reasons, the Court grants Waymon Canady's motion to intervene (Doc. 10), and grants Canady's motion to dismiss this action for lack of jurisdiction (Doc. 11).

SO ORDERED.

DATED: January 19, 2007            s/Sandra S. Beckwith
                                   Sandra S. Beckwith, Chief Judge
                                     United States District Court